UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ORVIS,

        Petitioner,

v.                                     CASE NO. 09-10544
                                        HONORABLE LAWRENCE P. ZATKOFF

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is pending before the Court on petitioner Carl Orvis's *pro se* habeas corpus petition, which challenges Petitioner's state court conviction for assault with intent to do great bodily harm less than murder. Respondent Sherry Burt urges the Court through counsel to deny the petition. The Court has concluded from a review of the pleadings and record that Petitioner's claims lack merit. Accordingly, the habeas petition will be denied.

**I. Background**

Petitioner was charged in Wayne County, Michigan with assault with intent to commit murder. The charge arose from allegations that Petitioner punched and kicked his brother-in-law, Stephen Jann. Jann died from an unrelated cause before Petitioner's trial, but his testimony from Petitioner's preliminary examination was read at trial. He testified at the preliminary examination that Petitioner came to his home on July 2, 2006. Ten to fifteen minutes after he allowed Petitioner to enter his home, he asked Petitioner to leave because he was drunk. Petitioner then jumped up and said that he was going to kill Jann. He hit Jann two times in the head. Jann was recovering from

a car accident at the time and fell down as a result of the blows. Petitioner continued to kick him as he lay on the floor. At some point, Jann thought that Petitioner left the house, but Petitioner returned and resumed kicking him. Jann's jaw had become disconnected, and he subsequently had surgery to hold the jaw together. Jann also sustained severe bruises on his neck and ribs and a lump on the back of his head. Jann denied threatening Petitioner with a phone and he claimed that he had merely told Petitioner he was going to call the police.

Petitioner testified at trial that the affray began when Jann said he was tired of people coming over and wanting something for nothing. Jann then approached him with a telephone in one hand and the other hand formed into a fist. Petitioner hit Jann because he felt threatened. He hit Jann a few more times after Jann fell to the floor. As Petitioner started to walk away, Jann said that he intended to call the police. Petitioner then walked back to Jann and tried to grab the telephone. Because Jann would not release the telephone, Plaintiff kicked Jann a couple more times and walked out of the house.

Petitioner denied kicking Jann in the face or head, and he claimed that he did not know Jann had been in a car accident. He admitted, however, that Jann had moved slowly that night. He also admitted that he could have walked out the door when Jann said he was going to call the police.

Jann's wife, who is also Petitioner's sister, testified that she was not present during the incident, but when she called home early that evening, Petitioner answered the telephone and said he had hurt Jann "really, really badly" and was "really, really sorry." The police arrested Petitioner later that night.

On November 1, 2006, a Wayne County Circuit Court jury found Petitioner guilty of the lesser-included offense of assault with intent to do great bodily harm less than murder, Mich. Comp.

Laws § 750.84. The trial court sentenced Petitioner as an habitual offender, fourth offense, to imprisonment for a minimum term of six years, four months, and to a maximum term of ten years. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, *see People v. Orvis*, No. 275839 (Mich. Ct. App. Mar. 25, 2008), and on July 29, 2008, the Michigan Supreme Court denied leave to appeal. *See People v. Orvis*, 753 N.W.2d 177 (Mich. 2008).

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 13, 2009. The grounds for relief include the following: (1) there was insufficient evidence to overcome the presumption of innocence, (2) the minimum sentence is disproportionate to the offender, and (3) the trial court should have instructed the jury on aggravated assault. The Michigan Court of Appeals stated on review of these claims that: the evidence was sufficient to refute Petitioner's claim of self-defense; the court was precluded from reviewing the proportionality of Petitioner's sentence because his sentence fell within the sentencing guidelines range; and Petitioner was not entitled to a jury instruction on aggravated assault.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

### III.  Discussion

#### A.  Sufficiency of the Evidence

Petitioner alleges that there was insufficient evidence adduced at trial to support his conviction because the prosecutor failed to prove that he did not act in self-defense. According to Petitioner, he reasonably believed that Stephen Jann meant to harm him because Jann had a history of threatening behavior, and on the day in question, Jann approached Petitioner with one hand in the form of a fist and the other hand holding a telephone.

4

### 1. Clearly Established Federal Law

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical question on review of the sufficiency of evidence supporting a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. In Michigan, "[t]he elements of assault with intent to do great bodily harm less than murder are (1) an assault, i.e., 'an attempt or offer with force and violence to do corporal hurt to another' coupled with (2) a specific intent to do great bodily harm less than murder." *People v. Bailey*, 549 N.W.2d 325, 331 (Mich. 1996) (quoting *People v. Smith*, 187 N.W. 304, 305 (Mich. 1922)).

### 2. Application

The evidence at trial established that Petitioner assaulted Stephen Jann by threatening to kill him and then hitting and kicking him. Petitioner admitted at trial that he struck Jann, and the severity of Jann's injuries suggest that Petitioner intended to do great bodily harm. In fact, he stated that he intended to kill Jann. A rational trier of fact could have concluded that Petitioner was guilty of assault with intent to do great bodily harm less than murder.

Petitioner, however, contends that the prosecutor failed to adequately refute his claim of self-defense. "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions." *People v.*

*Heflin*, 456 N.W.2d 10, 19 (Mich. 1990). "Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *People v. Elkhoja,* 651 N.W.2d 408, 423 (Mich. Ct. App. 2002), *vacated in part on other grounds*, 658 N.W.2d 153 (Mich. 2003). Self defense is established if the defendant (1) acted in response to an assault, *City of Detroit v. Smith*, 597 N.W.2d 247, 249 (Mich. Ct. App. 1999), and (2) "honestly and reasonably believed that [he] had to use force to protect [himself] from the imminent unlawful use of force by another [person]." Mich. CJI2d 7.22(4). "A defendant is not entitled to use any more force than is necessary to defend himself." *People v. Kemp*, 508 N.W.2d 184, 187 (Mich. Ct. App. 1993).

At the time of the incident in question, the victim was suffering from broken ribs, a fractured sternum and collar bone, a heart hematoma, and three broken fingers on his left hand. (Tr. Nov. 1, 2006, at 45-46.) As a result of these injuries, he used a cane and walked slowly. Even if the Court were to assume that Jann assaulted Petitioner, Petitioner could not have had an honest and reasonable belief that he was in imminent danger. Jann was somewhat incapacitated by his prior injuries, and he had only a telephone in his hand. Petitioner, moreover, admitted at trial that Jann was moving slowly. Petitioner also used more force than was necessary to defend himself from the alleged assault. He conceded at trial that he could have walked away. Instead, he struck Jann and kicked him a few times after he fell to the floor.

A rational juror, viewing the evidence in the light most favorable to the prosecution, could have concluded that Petitioner's conduct was not justified by the circumstances and that he did not act in lawful self-defense. Therefore, the state court's conclusion that the prosecutor adequately refuted Petitioner's claim of self defense did not result in a decision that was contrary to, or an unreasonable application of, *Jackson.* Petitioner has no right to habeas relief on the basis of his first

claim.

## B. The Sentence

Petitioner alleges next that his minimum sentence of seventy-six months was disproportionate to the offender. Although the sentence fell within the state sentencing guidelines of nineteen to seventy-six months, it was at the very top of the guidelines. Petitioner contends that he should have been sentenced at the lower end of the guidelines range because (1) he acted in self defense, (2) he is better suited to treatment for alcoholism than to a long sentence, and (3) his minimum sentence is longer than the minimum sentence that the prosecutor offered to him in a plea bargain, which would have required him to plead guilty to a greater offense. The Michigan Court of Appeals stated on review of this claim that it was precluded from reviewing Petitioner's sentencing claim because his sentence fell within the guidelines range. *See* Mich. Comp. Laws § 769.34(10) and *People v. Pratt*, 656 N.W.2d 866, 869 (Mich. Ct. App. 2002).

The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments," U.S. CONST. amend. VIII, but a plurality of the Supreme Court has held that the Amendment contains no proportionality guarantee. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).

In *Rummell v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that life imprisonment was not cruel and unusual punishment for a recidivist who obtained $120.75 by false pretenses, a crime normally punishable by no more than ten years in prison. In *Hutto v. Davis*, 454 U.S. 370

(1982), the Supreme Court determined that forty years in prison for possession and distribution of approximately nine ounces of marihuana was not cruel and unusual punishment under the Eighth Amendment. The Supreme Court determined in *Andrade*, 538 U.S. at 63, that a sentence of fifty years to life imprisonment for a recidivist who stole approximately $150 in videotapes did not violate the gross disproportionality principle.

Petitioner's criminal record included forty misdemeanor convictions and five felony convictions, and he caused serious physical injury to a person in this case. *Rummell*, *Hutto*, and *Lockyer* involved less serious offenses and more severe penalties. The Court therefore concludes that Petitioner's minimum sentence of six years, four months, was not grossly disproportionate to the offense or to the offender. Consequently, Petitioner has no right to relief on the basis of his sentencing claim.

**C.  The Jury Instructions**

The third and final habeas claim alleges that the trial court deprived Petitioner of a fair trial by denying his motion to instruct the jury on aggravated assault. The trial court declined to give the requested jury instruction because aggravated assault is a misdemeanor. (Tr. Nov. 1, 2006, at 78.) The Michigan Court of Appeals stated that trial courts may instruct jurors on a misdemeanor if the misdemeanor is a necessarily included offense to the charged offense. The court of appeals went on to say that aggravated assault is a cognate lesser included offense of assault with intent to murder and, therefore, the trial court was not permitted to instruct the jury on aggravated assault. The court of appeals concluded that the trial court reached the right result, even if it was for the wrong reason, and did not err when it declined to instruct the jury on the elements of aggravated assault.

This Court finds no merit in Petitioner's claim because the United States Supreme Court has

not decided whether due process requires the giving of jury instructions on lesser-included offenses in non-capital cases, such as this one. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980). Consequently, the United States Court of Appeals for the Sixth Circuit has held that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (*en banc*)). "[F]ailure to instruct on a lesser included offense in a noncapital case is not 'such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (quoting *Bagby*, 894 F.2d at 797). Petitioner therefore has no right to relief on the basis of his claim about the jury instructions. His claim is not cognizable on habeas corpus review.

### IV. Conclusion

The state appellate court's rejection of Petitioner's claims did not result in an unreasonable determination of the facts or in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the petition for writ of habeas corpus (Dkt. #1) is **DENIED**. Reasonable jurists would not debate the Court's resolution of Petitioner's claims, nor conclude that the issues are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court therefore declines to issue a certificate of appealability. Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was

permitted to proceed *in forma pauperis* in this Court.  Fed. R. App. P. 24(a)(3).

                              S/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2010

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 15, 2010.

                              S/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290